Good morning. Ellie Perka, Special Deputy Prosecutor for Pierce County. I'd like to reserve five minutes for rebuttal, please. Please watch the clock. Yes. Of course, we know from the briefing that the central issue that we're here about today is arbitrability, or more specifically, who decides the issue of arbitrability. But absolutely critical to Pierce County's position in this appeal is the fact that before the court today is a unique arbitration clause. That arbitration clause is unique for two reasons. The first is because the parties agreed that the arbitration clause would only apply in certain circumstances, so it's narrowly drawn. And the second reason, and really the more fundamental reason to our position on the appeal, is the fact that this arbitration provision contains multiple conditions precedent that are mandatory before that arbitration clause is ever even triggered. It doesn't have the words condition precedent in the contract. It doesn't, Your Honor, and we concede that. But it does have... Actually, it actually has some language suggesting that everything goes to arbitration. But let's say we don't agree with you. Just assume we don't agree with you, and we think this, you know, in our reading, it probably should have gone to arbitration. I think you raised the issue up front, which is who should have made that determination. And here, the district court sent that question to the arbitrator, right? To decide who makes the determination of whether it was arbitrable. Correct. So if we agree with you, and maybe I'm cutting to the chase too much, I don't want to cut off your argument, but the district court should have made that. Do we send it back down to the district court and say, listen, you as a district court judge need to make the determination of whether this should be sent to arbitration? And if the district court says, yes, it should go to arbitration, does it have to go for a new round? Or could the district court just adopt what the first arbitrator did? So the arbitrator has not yet made a decision on the arbitrability, I would say. So I agree with you, Your Honor, that the key here is who decides arbitrability. And that is what the district court found, and what is what we believe to be in error. The reason why we're talking about the federal laws, you know, substantive law and arbitrability, is because that antecedent agreement about who decides arbitrability is also subject to the conditions precedent, just like the actual arbitration clause itself. So your arbitration clause has references, the applicability of the AAA rules, and we have a number of cases saying that that incorporates by reference the language in the AAA rules saying that the arbitrator decides the scope of arbitrability. Now, I recognize that in those cases the disputes clause says all disputes are going to be arbitrated, but why doesn't the incorporation of that clause require the district court to give the question of arbitrability to the arbitrator? Yeah, exactly. And it's because of the conditions precedent. So while the contract doesn't actually use the phrase conditions precedent, it does use the words after, if, shall, all in that section 8.01, which is the dispute resolution procedure. And those conditions are required to be met, the procedure that's detailed in 8.01 of Mortenson submitting a claim and of the claim having certain elements. So it's the if, it's the shall, it's the after. Just because there is a claims process before you get to the point of arbitration doesn't mean there's a condition precedent relative to the issues that we're talking about. It's seems to me. It says all claims arising out of the work shall be resolved by arbitration. That's 8.02c. And then there's a definition of work. It says work means the construction services required by the contract documents and includes but is not limited to label, materials, supplies, equipment, and so forth. So if you read the definition of work and you look at the issues that were involved here, they certainly seem to involve work because, you know, whether you extend the time for doing work or there are disputes about work. So all of that relates to work. Now it may be that if Mortenson doesn't follow the claims procedure, you've got an issue. The question is who decides that issue and whether that's a court or whether that's the arbitrator. But because you've got all claims going to arising out of the work going to arbitration, it could be a good argument that the arbitrator then gets to decide because of the AAA provision, the arbitrator decides arbitrability. Is this a claim that can be arbitrated? And maybe he would decide or she would decide. No, because the claims process wasn't followed. It's kind of like affirmative defense. It's not a declaratory judgment. It's we're here, you decide, and the argument is these claims can't be arbitrated before the arbitrator. Isn't that a fair interpretation? It's not, Your Honor, because of the capital C claim in that exact sentence that you just read. So because it says all capital C claims and in order to be a capital C claim, Mortenson had to follow the conditions precedent that are contained in 8.01. Because of that, that's the different interpretation that we do have. So your point is there's lowercase C claims that would go to a district court judge and would not be subject to arbitration? 100%, Your Honor. It's difficult, right? Because outside of this contract, as lawyers, we're used to hearing about claims being kind of like a dispute. But in this contract and in the majority of construction contracts, claim is a term of art. It's a capital C. You have to, a contractor submitting a capital C claim has to meet certain requirements that are conditions precedent. Were the claims that were brought in this case, were they capital C claims or lowercase C claims? There were two types. So there were, let's say there was a hundred submitted by Mortenson. Some were certified and met the other eight requirements. So those were capital C claims and we absolutely agree they move forward in the dispute resolution procedure and are subject to arbitration. And that the whole federal substantive law of arbitrability applies to those capital C claims. But there's this other subset which are the uncertified claims. I thought the claims in this case were meta claims. Like how do we decide whether a claim has to be, let's interpret the claim procedure section to determine if these uncertified claims, which were certified by subcontractors qualify as claims. Isn't that the nature of the claim? It's just a contract interpretation question. Yeah, I would say the nature of the dispute, the declaratory relief that the county is seeking is a order by an arbitrator or a judge that because Mortenson failed to certify their claim, their submission was not a capital C claim and therefore was waived. But isn't Mortenson, aren't those the two questions that Mortenson is asking for arbitration? Are contract interpretation issues or are they sending, are they saying that uncertified claims are to be sent to dispute resolution? Because I only saw they basically attached the county's request for arbitration to their submission to the district court. Correct Your Honor. And then I believe in the answer, Mortenson included additional disputes about the substance of the claims. So there's the declaratory relief and then there's arguments about the substance of the claims. And those are about the claims that Pierce County says are not capital C claims. Or some are and some are not. Correct. Some are certified, some are not certified. But the declaratory relief, I wish in preparing for today, I thought about it that I should have called the declaratory relief the waiver issue in the briefing. I think it would have been clearer to understand because it is our position that the waiver issue is, the way this contract is set up, that waiver issue is to be determined by a court. So in the claims procedure at the end it says, and if you don't do this, these claims are deemed to be waived. Is that right? Is that why you're calling it the waiver issue? It is, but we see it in the middle. It's not at the end, right? So you have to submit a capital C claim. The county has to respond. Then if Mortenson disagrees, it goes on to arbitration. In the middle of that, if there's no capital C claim, it is the county's position that it would be waived. And that is a determination, both the arbitrability question and the question itself to be determined. A district court or an arbitrator could not decide that question, you're saying? We're saying that it's not arbitrable. The waiver issue is not arbitrable. The court could decide it. Correct. Why can't, why wouldn't the arbitrator decide whether whatever you call a capital C claim has been made or the process has been followed? I know you said you can look at the facts and it's simple. So since you can look at the facts and it's simple, therefore there's a waiver when judge should be able to enforce that. But no matter how simple the issue, the question is who gets to decide? And it's quite possible, isn't it, that when you have dispute about claims, whether it's a C claim has been properly filed or whether the county has properly responded, even though that may sound simple on these facts to you, it doesn't mean that necessarily you shouldn't go to the arbitrator and have him decide whether he has authority to, or she, to hear those claims, it seems to me. Yeah, and I didn't, if I used the word simple, I didn't mean to. This is certainly a complicated procedural issue. The reason, Your Honor, why it would not be arbitrable is because it's not a capital C claim. Who decides? Who decides? Whether it's a capital C claim. A court, a court of law would decide that because we are not yet, it's the conditions preceding issue. Because we don't have the conditions preceding met, the arbitration clause is not triggered. Do you want to say? I do. Thank you, Your Honor. Thank you, Your Honors. And may it please the court, Michael Grace for M.A. Mortensen Company. I think the court has honed in on the issue here. First of all, it is not a condition precedent. There is no use of the term condition precedent in the contract. And in fact, the way the claims provision is written, it demonstrates just as a matter of contract drafting that there are nine elements under 801C that a claimant is required to put in the claim. The language says claim shall contain. These are elements of the claim. Goes in the claim. Number nine is what the county is contesting that Morten did not properly certify. First of all, let me make very clear. Mortensen absolutely did certify the claims. Mortensen certified the claims by delegating that to the subcontractor. I think the question here is who should be making that determination. I appreciate that. And my explanation of that goes to who should make that determination two ways. First of all, the contract unequivocally incorporates AAA rules, AAA construction industry rules. So first of all, there's clear case law, Brennan, Oracle, that states when that is incorporated, rule R9 in the construction industry rules, which is in the record, says that the arbitrator has that power. But in both of those cases, the dispute provision was very broad. It said, you know, any dispute. Here the only thing that the parties by contract agreed to resolve by arbitration is the all capital Z claims arising out of the work. So although Brennan and that line of cases is clear, the dispute provision what the parties agreed to arbitrate is much broader. So the real question here is given the narrowness of what the parties agreed to resolve, why aren't we at least in the area of ambiguity where the Supreme Court has told us that when it's ambiguous or unclear, it's not clear and unmistakable that they agreed to the broader arbitration, then we have to find that they did not. Well, Your Honor, we disagree that it's ambiguous and we also disagree that it's not a broad all-encompassing arbitration provision. We understand the argument that the county makes that this is only for capital C claims. That's erroneous. And in fact, the county has conceded otherwise in its reply brief. What 802C states is that no independent legal action relating to or arising from the work shall be maintained. Judge Oliver honed in on that and I think it's absolutely key here. You can't read alone 802B, which refers to claims. And I'll note also, Judge Nelson, that 802B does not use capital C claims. It uses lowercase c. Well, and that so that begs the question, are there actually lower C? Maybe there are no differences. I mean, any claim that arises out of the contract has to go through. For example, you couldn't they couldn't bring a claim. A claim could not be brought under this contract, even if it were otherwise viable. If it didn't go through the claims process, it doesn't become a claim and can't be actionable. Right. We disagree. We think that public owners, as a matter of course, have an overly narrow reading of what const what a contract requires as far as being. So you do agree that there could be lowercase c claims that don't have to go through the claims process? No. Oh, I'm sorry. I thought you were going to make a final point, which means it goes to court. No, I do not agree that it would go to court. There are all sorts of issues arising out of or relating to the work that wouldn't be a capital C claim, but still would fall, in your opinion, under the arbitration provision because of the broad, all encompassing language. And I'd like to go back to your question, Judge Ikuda, because there also is a Supreme Court case that I think is important here. And that's the the Brent or I'm sorry, the the Howsam versus Dean Witter case. And that case is important because it takes a more a little bit more nuanced approach to one, not only can we have incorporation by reference, but second, if the issues that a party is raising, such as waiver, such as whether a condition precedent has been met, grow out of the dispute and bear on the final disposition, those defenses are presumptively not for the judge, but for the arbitrator. And that's Howsam versus Dean Witter Reynolds, excuse me, citing Wiley and Sons versus Livingston. So not only do we have clear incorporation of the AAA rules, which says we go to the arbitrator to decide this question, but we also have an alternative basis that this court can also look to, which says because the waiver defense, the condition precedent defense, that language is expressly used in Howsam, because those issues are integrally related, wrapped up in the question, we go to the arbitrator. Integrally related to what? The question of the substance of the issue, the claim. And so the question that the opposing side argues is that until there is a claim, then the arbitration doesn't arise. And their argument is there is no claim, which is in a separate section of the agreement. So you need to say it's unmistakably clear that the parties agreed to arbitrate issues even if there wasn't a claim in existence. The parties agreed to arbitrate all issues arising. There is no language that expressly says that, correct? I disagree, Your Honor. The arbitration provision is 802, A, B, C, D and E. Pierce County continually wants to ignore C, which says no independent legal action relating to or arising out of the work shall be maintained. If no legal action can be maintained, then everything must go to arbitration. So that's in a provision that starts by saying all claims arising out of the work shall be resolved by arbitration. So in that context, I would think that you could reasonably interpret that to mean no independent legal action relating to or arising from the claims arising out of the work, which is what this section is about. I'm just concerned about the ambiguity because of the Supreme Court's stern warning that beyond state contract interpretation principles, there's a federal contract interpretation principle that says if there's ambiguity, we have to assume the parties did not agree to arbitrate that particular type of dispute. And again, I disagree that there's an ambiguity because the entire argument that a capital C claim is a condition precedent to arbitration, first of all, is not supported by the plain language of the contract. The term condition precedent simply is not used. Does the word have to be used in order for some contractual agreement to have to take place first? There are alternative ways to state it, but none of those are met here as well. Let me just ask. Yes, sir. Opposing counsel indicated that the word capital claim with a capital C was significant. And if I look at the section related to claims and the claims process, it just talks generically. The claim shall be filed. And then it goes on if a claim is less than $50,000, if the claim is $50,000 or more. But it doesn't seem like there's anything that suggests that a claim is only a claim That C means that it's been a finally adjudicated claim pursuant to the procedures or anything like that, that that's necessary before you go to arbitration. It's a capital C, but it's every step of the way. It's just what you file, a claim, and then the response is to a claim. And so is there anything significant about the capital C that would prevent it from being arbitrated? That would prevent the claim from being arbitrated? Right. No. I mean, I think if I'm understanding Your Honor's question correctly, Your Honor is pointing out, and correctly, I think, that if we look at this from a time perspective and a procedural perspective, when you start an 801A, you already have a capital C claim. That's before any of these other elements are satisfied that Mortenson, excuse me, Pierce County claims are a condition precedent to arbitration. And again, the way that this contract is written, the way that the term capital C claim is used, it's used throughout the process. If one was required to have satisfied all nine elements before a claim comes into existence, then you don't even start. It doesn't even get you out of the gate the way that the county interprets it. What do we do with F, which talks about a claim is waived unless made in accordance with the requirements of this section? You let the arbitrator decide that, Your Honor. And that's why. Why is that? Because... Because the C only refers to claims. So you're saying if a claim is waived, it's still a claim. It's an affirmative defense to the substantive underlying claim is one reason. Second is that when courts are looking at delegation of authority to arbitrators to decide a particular issue, one of the things that the Supreme Court has cited, for example, in a securities case, we're delegating this to a securities arbitrator. They know securities issues. The labor case, we're delegating it to a labor arbitrator. They know labor issues. This is a construction industry case. It's delegated to construction industry rules of the AAA, and we will get a construction industry panel. Or a construction industry arbitrator. I mean, that's good as a policy argument, but you still have to put the language in the contract to get you there. Understood. Understood. But it does say construction industry rules. So the question that were actually raised, the two questions, were not claims. They were questions of contract interpretation. So does a claim have to be certified by the principal, the contractor, as opposed to by the subcontractor? And so there's nothing in the arbitration agreement that says questions of contract interpretation go to the arbitrator, and in fact, Mortensen initially took the position that those sorts of questions were not subject to arbitration. That was Mortensen's initial response. The arbitrator doesn't have authority to address these issues was in the Mortensen's response. So what do we do with respect to those issues of contract interpretation? Well, first of all, Your Honor, I disagree that that's the way Mortensen responded. I don't think we can escape the fact and go back to the very first procedural action in this dispute, which is the county demanded arbitration of this issue, which now they say should not go to the arbitrator. You can't get away from that. In response to that, Mortensen submitted an answer and counterclaims, and the answer, as Judge Bryan pointed out and noted, said, Mortensen doesn't contest the ability of the arbitrator to adjudicate the underlying issues. Mortensen is saying the arbitrator can't do it through declaratory judgment. That's what we were saying. That's what Judge Bryan found, and the underlying issue... ...that the county wanted answered was, does the subcontractor certification qualify? And as I read Mortensen's response, they said the arbitrator doesn't have authority to respond to that, answer that question. I don't know that we need to use the words declaratory relief. It's just a question of contract interpretation. No, Your Honor, the arbitrator does have authority to determine that question. But how the arbitrator determines it is what Mortensen was identifying. They could certainly bring a motion for summary judgment in arbitration, raise it as an affirmative defense in the arbitration process. It is an issue that we will get to at some point in the arbitration. What Mortensen said was not declaratory judgment. That's not how this works. It's an issue that's tied up in the substance of the claim. We need to present this as part of the entire claims. Here's our counterclaims. Here's all of the claims for relief that you have wrongfully denied. Let's get to the point here, guys. That's what Mortensen did. So with that, unless there's further questions. I do have one question. Under Section 8.02c, not only we haven't focused on the definition of work, but is work another limiting factor? Because it says all claims arising out of the work, and then work has a specific definition. Could you have a claim that related to work, and a capital C claim that related to capital W work, and a capital C claim that didn't relate to capital W work? And if that's the case, then doesn't that support the idea that the district court should be deciding these threshold questions of what should go to arbitration or not? No, Your Honor. The term work is defined so broadly, I mean, as to mean that issues that... I don't have the exact definition. Well, it says the construction and services required by the contract documents. Construction and services required by the contract documents. So as long as it falls within the contract, it's always going to be under the work. Agreed. But there could be... And here, all the claims relate to contract documents. Absolutely. They all relate to the request. Well, I think that answers my question for purposes of this case. But presumably, you could have claims that didn't relate to the contract documents, perhaps. But that's not at issue here. That's not at issue. There's nothing at issue that does not relate to the contract documents. Thank you. Thank you. So a couple points in follow-up to Mr. Grace. The first being that the county does not agree that a claim for purposes of 8.01A, that any request is a capital C claim. We know that due to the definition of a claim, which we haven't talked about here yet today, which is at 1.01F of the contract, ER 53, and that provides the definition of the capital C claim to be a request for, again it's narrow, it just covers three different subject areas, change order work, so changes in scope, requests for additional compensation by the contractor, and requests for additional time by the contractor. So if it's regarding one of those three subject matters, and if it meets the requirements as more fully set forth in Part 8, meaning the eight requirements in 8.01C, including the, multiple things, but including the certification. So what about the language that opposing counsel focuses on, no independent legal action relating to arising from the work shall be maintained, which suggests that any claim, lower C claim or upper C claim arising from the work is subject to the arbitration provisions. We don't read that, read it that way, and we don't think that's a reasonable interpretation of this clause. We read it instead that that sentence relates to the first sentence in that section, 8.02C, that does specify all claims arising out of the work. So what that sentence is referring to is the fact that outside, that still confines it to the capital C claim. That's not a separate arbitration provision that applies to anything in the contract. We've talked a little bit about the fact that our contract does not have the phrase condition precedent in it, and so therefore there was an argument made that that means we don't have conditions precedent, and we disagree with that. Again, it's the words, it's if, it's shall, it's after. The court in the Kemeron case, the two cases that we did find dealing with conditions precedent in the arbitrability law were the HIM case and the Kemeron case. And in Kemeron, the court, there were, similarly, they didn't use the magic words condition precedent, instead, the arbitration clause there said the parties shall submit the matter to arbitration after mediation, and the court said, well, that was a condition precedent. So mediation was a condition precedent to the triggering of the arbitration clause. Because the parties had not mediated, the arbitration provision was never triggered. So that is our position here, that those condition precedents were not met, and so the arbitration clause was not triggered. We know that because of the words. We also know that because of the way that this contract is set up. In other words, 8.02, which is the arbitration clause, does not stand on its own. It is dependent on 8.01. So the requirements, the conditions precedent in 8.01 have to be satisfied in order for that 8.02 clause to be triggered and to be in effect. But in 8.02c, it says all claims arising out of the works shall be resolved by arbitration. It doesn't say all claims that have been properly submitted or finally resolved pursuant to the contract. It doesn't have any language like that. And there are all kinds of references to claims throughout this document. Any claim of the contractor against owner for damages shall be deemed waived. There's any claim in a lot of different places where the word claim is used, and it's not a consistent usage other than the fact that we're talking about the thing that should be submitted and responded to. Isn't that correct? All claims arising out of the work, all claims that have been appropriately resolved, it doesn't say that. And it's the use of the capital there, which is telling us that there's a difference between a lowercase C claim and a capital C claim. I don't see the lowercase C. Where is the lowercase C? Exactly correct, Your Honor. And because there's no lowercase C in 808.02c, that means that the arbitration clause only applies to capital C claims. And we only have a capital C claim if Mortenson complies with the requirements of 8.02c. All right, we've taken you over your time. Thank you. The case of Pierce County v. M.A. Mortenson Company is submitted.
judges: Ikuta, R. Nelson, Oliver